IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| VALTECH SOLUTIONS, INC., et al., § | |
| § | |
| Plaintiffs, § | |
| § | Civil Action No. 3:15-CV-3361-D |
| VS. § | |
| § | |
| DEBORAH DAVENPORT, et al., § | |
| § | |
| Defendants. § | |

MEMORANDUM OPINION
AND ORDER

Plaintiffs move for leave to conduct jurisdictional discovery to enable them to respond to a challenge by Indian defendants to the court's exercise of personal jurisdiction. For the reasons that follow, the court grants the motion in part and denies it in part.

I

Plaintiffs Valtech Solutions, Inc. ("Valtech Solutions") and Valtech India Systems Private Limited ("Valtech India") sue defendants Deborah Davenport ("Davenport"), Siddharth Shrivastava ("Shrivastava"), Jagadeesh Chandra ("Chandra"), Vinod Rajarathnam ("Rajarathnam"), Rajesh Nagaral ("Nagaral"), and UST Global Inc. ("UST Global"), alleging claims for tortious interference with existing contracts and civil conspiracy.[1] Plaintiffs' claims are based on allegations that Davenport, Shrivastava, Chandra, Rajarathnam, and Nagaral (collectively, the "Indian Defendants") conspired with UST Global (which plaintiffs

---

[1] Plaintiffs also allege claims for breach of fiduciary duty and breach of employment agreement against Davenport alone.

allege is "Texas-based," Ps. Br. 6), to willfully and intentionally interfere with contracts between Valtech Solutions (a Texas entity) and Valtech India and their clients, at least two of whom—OnlineMedSys.com ("OMS") and Solutions By Text ("SBT"), a subdivision of Marketing Response Solutions ("MRS")—are located in Texas.

Plaintiffs filed this case in Texas state court, and the Indian Defendants, with the consent of Davenport and UST Global, removed the case to this court.[2] Before the case was removed, the Indian Defendants—who are Indian citizens who reside in Bangalore, India—each filed special appearances contesting personal jurisdiction. Plaintiffs attempted in state court to obtain jurisdictional discovery from the Indian Defendants, but they allege that the Indian Defendants have failed to fully comply with their discovery obligations, including court orders.

After the case was removed, the Indian Defendants moved to dismiss plaintiffs' claims against them for lack of personal jurisdiction under Fed. R. Civ. P. 12(b)(2) and based on *forum non conveniens*, and, alternatively, moved to compel arbitration. Plaintiffs obtained a continuance of their obligation to respond to the motion,[3] and they filed the instant motion seeking leave to conduct jurisdictional discovery. Plaintiffs seek leave to serve specified

---

[2]Plaintiffs have filed a motion to remand the case to state court, which remains pending and will be decided separately.

[3]The court granted plaintiffs' unopposed motion for extension of time to respond to defendants' motion until after the court rules on their motion for leave to conduct jurisdictional discovery. The court sets that deadline *infra* at § V.

written discovery[4] and to take the Indian Defendants' depositions for the stated purposes of ascertaining, *inter alia*, the Indian Defendants' involvement in interfering with plaintiffs' contracts with Texas-based clients OMS and MRS; the Indian Defendants' solicitation of plaintiffs' Texas-based clients, which may also have involved the disclosure of confidential information; harm that the Indian Defendants directed at and caused to Texas-based Valtech Solutions; the Indian Defendants' contacts with the State of Texas, including travel to Texas; and the convenience of litigating this case in Texas. The Indian Defendants oppose the motion.

II

A district court has broad discretion regarding whether to permit a party to conduct jurisdictional discovery. *Wyatt v. Kaplan*, 686 F.2d 276, 283-84 (5th Cir. 1982). To be entitled to this relief, the party seeking discovery must make a "preliminary showing of jurisdiction." *Fielding v. Hubert Burda Media, Inc.*, 415 F.3d 419, 429 (5th Cir. 2005). "'[D]iscovery on matters of personal jurisdiction need not be permitted unless the motion to dismiss raises issues of fact.' 'When the lack of personal jurisdiction is clear, discovery would serve no purpose and should not be permitted.'" *Kelly v. Syria Shell Petroleum Dev. B.V.*, 213 F.3d 841, 855 (5th Cir. 2000) (ellipsis and citation omitted). "A plaintiff seeking

---

[4]Plaintiffs seek leave to serve on the Indian Defendants two interrogatories related to potential witnesses and locations of proof that they maintain are relevant to the Indian Defendants' *forum non conveniens* challenge. Plaintiffs also seek leave to serve on defendant UST Global requests for production focused on the Indian Defendants' connection to Texas.

discovery on matters of personal jurisdiction is expected to identify the discovery needed, the facts expected to be obtained thereby, and how such information would support personal jurisdiction." *Mello Hielo Ice, Ltd. v. Ice Cold Vending LLC*, 2012 WL 104980, at *7 (N.D. Tex. Jan. 11, 2012) (McBryde, J.) (citing *Kelly*, 213 F.3d at 855). A court can deny leave to conduct jurisdictional discovery when the movant fails to specify the facts it believes discovery would uncover and how these facts would support personal jurisdiction. *See id.*; *see also King v. Hawgwild Air, LLC*, 2008 WL 2620099, at *8 (N.D. Tex. June 27, 2008) (Lindsay, J.).

III

Plaintiffs have satisfied the requirement that they make a "preliminary showing of jurisdiction." *Fielding*, 415 F.3d at 429. In *Fielding* the Fifth Circuit cited with approval the Third Circuit's standard—articulated in *Toys "R" Us, Inc. v. Step Two, S.A.*, 318 F.3d 446, 456 (3d Cir. 2003)—that "[i]f . . . plaintiff[s] present[] factual allegations that suggest 'with reasonable particularity' the possible existence of the requisite 'contacts between the party and the forum state,' the plaintiff[s'] right to conduct jurisdictional discovery should be sustained." *Id.* at 456 (brackets and citations omitted). Plaintiffs' allegations satisfy this standard.

Plaintiffs can establish specific personal jurisdiction over a nonresident defendant by showing, *inter alia*, that the defendant "'purposefully directed' his activities at residents of the forum, and the litigation . . . result[s] from alleged injuries that 'arise out of or relate to' the defendant's activities directed at the forum." *Archer & White, Inc. v. Tishler*, 2003 WL

22456806, at *2 (N.D. Tex. Oct. 23, 2003) (Fitzwater, J.) (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472 (1985)). In their first amended petition and motion for leave to conduct jurisdictional discovery, plaintiffs allege, *inter alia*, that Rajarathnam, while employed by Valtech India, traveled to Texas at least five times to meet with OMS; that on May 30, 2014 Rajarathnam traveled to OMS's office in Houston for a planning meeting with UST Global, and, shortly thereafter, OMS stopped doing business with plaintiffs and started doing business with UST Global; that Chandra, while employed by Valtech India, introduced SBT to UST Global in an effort to solicit SBT to join UST Global; that Chandra and Nagaral scheduled a meeting with SBT and Rajarathnam (who, at the time, had already resigned from Valtech India) to solicit SBT's business, that Rajarathnam met with MRS (or its subsidiary, SBT) in Texas, and that since that meeting, SBT has stopped doing business with Valtech India and started doing business with UST Global; that Chandra sent the president of MRS the contact information for UST Global while he was still employed by Valtech India; and that Shrivastava traveled to Texas to meet with UST Global. Based on these allegations, the court concludes the existence of the requisite contacts with Texas is possible, and the court is satisfied that plaintiffs have made a "preliminary showing of jurisdiction" sufficient to merit at least some jurisdictional discovery.

IV

The court in its discretion will permit plaintiffs to conduct some jurisdictional discovery, and therefore grants plaintiffs' motion in part.

A

Plaintiffs seek leave to serve two interrogatories on each of the Indian Defendants asking each defendant to identify (1) potential witnesses, including their employers, their addresses, and the frequency with which they travel to Texas, and (2) all sources of proof and the location of those sources, as discussed on page 14 of defendants' motion to dismiss.[5] Plaintiffs acknowledge in their brief that this information relates to defendants' motion to dismiss based on *forum non conveniens*. Because these interrogatories seek information that appears to be solely within the Indian Defendants' control, there is no suggestion that it will be particularly onerous for these defendants to respond to the interrogatories, and the information plaintiffs seek is narrowly tailored and relevant to plaintiffs' response to the Indian Defendants' *forum non conveniens* arguments, the court therefore grants plaintiffs leave to conduct this discovery.

B

Plaintiffs also seek to depose each of the Indian Defendants, and they request that each one produce certain specified documents at the defendant's deposition. Plaintiffs

---

[5]It is unclear what sources of proof plaintiffs are referring to on page 14 of defendants' motion to dismiss. The Indian Defendants do argue on page 19 of their motion to dismiss that "[t]he evidence and records needed to defend against Valtech Solutions' claims are also located in India." Ds. 1/11/16 Br. 19.

contend that this discovery "is expected to uncover tortious conduct in Texas and purposeful conduct directed at Texas, including the [Indian Defendants'] involvement in a scheme to deplete Plaintiffs' workforce, interfere with Plaintiffs' contracts, including contracts Plaintiffs have with Texas entities, and disclose Plaintiffs' confidential information—which would establish minimum contacts sufficient to confer jurisdiction." Ps. Reply 11.  Having reviewed the documents that plaintiffs seek in connection with the proposed depositions, the court concludes that plaintiffs have adequately explained the facts that they believe the specified documents will uncover and how these facts will support personal jurisdiction.  The court is not persuaded, however, that plaintiffs will be unable to obtain the facts they require through the Indian Defendants' compliance with plaintiffs' requests for documents or that taking depositions of these foreign defendants is necessary.  Although it appears from the record that the Indian Defendants have complied with some (but not all) of their discovery obligations,[6] the court is not persuaded that potentially costly and time-consuming depositions are warranted at this point.  Accordingly, the court orders that, no later than 28 days after this memorandum opinion and order is filed, the Indian Defendants produce the

---

[6]For example, on May 27, 2015 the court ordered the Indian Defendants to respond to plaintiffs' discovery requests seeking, *inter alia*, documents or communications relating to conduct directed at, or communications with residents of Texas; documents or communications relating to travel to Texas as referenced in the Indian Defendants' special appearances; and documents or communications relating to OMS and MRS.  The Indian Defendants maintain that they have complied with plaintiffs' requests, but plaintiffs argue that the Indian Defendants have only produced 149 documents due to their "minimal document collection efforts," and that they have omitted from their production several documents that contradict statements made in their sworn special appearances.  Reply 7.

documents plaintiffs request in "Exhibit A" to their deposition notices, Ps. App. 38, 42, 46, 50.  If the Indian Defendants fail to fully comply with this directive, plaintiffs may move anew for permission to conduct jurisdictional discovery through depositions of each of the Indian Defendants.

C

Plaintiffs seek leave to serve 44 requests for production on defendant UST Global. Assuming, without deciding, that UST Global is not obligated to respond to all of these requests,[7] the court concludes that plaintiffs have failed to adequately explain how some of the discovery they seek in their requests for production will support the court's exercising personal jurisdiction over the Indian Defendants.  For example, plaintiffs seek "[c]ommunications involving Shouvik Bhattacharyya (a Texas resident) referring or relating to [the Indian Defendants]," Ps. App. 31, but they do not explain who this person is, what this person's connection to the lawsuit is, or whether, and on what basis, there is any reason to believe that the Indian Defendants' purposeful contacts with this person resulted in plaintiffs' alleged injuries. Plaintiffs similarly seek "[c]ommunications between Alan Goerner and [the Indian Defendants]," *id.* at 32, but they fail to provide any basis from which the court can determine that discovery regarding this individual will uncover facts that would support

---

[7]So far as the court can determine, UST Global—a defendant in this suit—has neither objected to the discovery plaintiffs request nor responded to plaintiffs' motion for jurisdictional discovery.  Normally, a party who does not timely object to discovery requests must comply with those requests.  Plaintiffs do not rely on that premise to obtain jurisdictional discovery from UST Global.

-8-

personal jurisdiction. As to other document requests, however, plaintiffs have clearly met their burden. *See, e.g.,* Ps. App. 31 (Request No. 3, seeking "[d]ocuments and communications involving [the Indian Defendants] related to soliciting business from [MRS] (a Texas entity)."); *id.* at 32 (Request No. 41, seeking "[d]ocuments and communications related to meetings held in Texas attended by Siddharth Shrivastava."). Having reviewed plaintiffs' document requests, the court concludes that, with respect to Request Nos. 1-4, 23-30, 35, and 41-44, plaintiffs have sufficiently specified the facts they believe discovery will uncover and how these facts would support personal jurisdiction. Accordingly, the court orders that no later than 28 days after this memorandum opinion and order is filed, UST Global respond to Request Nos. 1-4, 23-30, 35, and 41-44.

V

As noted, *see supra* note 3, the court previously granted plaintiffs' unopposed motion for extension of time to file response to defendants' Rule 12(b)(2) motion to dismiss for lack of jurisdiction, motion to dismiss for *forum non conveniens*, and alternatively, motion to compel arbitration. Plaintiffs must file their response to the motion no later than 28 days after the Indian Defendants and defendant UST Global comply with their discovery obligations under this memorandum opinion and order. So that the court can calendar this deadline internally, plaintiffs are directed to notify the court in writing once the deadline can be calculated.

* * *

Plaintiffs' February 5, 2016 motion for leave to conduct jurisdictional discovery is granted in part and denied in part. The Indian Defendants and defendant UST Global must comply with their respective discovery obligations no later than 28 days after this memorandum opinion and order is filed. This deadline may be extended, if necessary, by agreed order or for good cause by motion.

**SO ORDERED**.

May 23, 2016.

_____
SIDNEY A. FITZWATER
UNITED STATES DISTRICT JUDGE