IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| VALTECH SOLUTIONS, INC., et al., | § | |
| | § | |
| Plaintiffs, | § | |
| | § | Civil Action No. 3:15-CV-3361-D |
| VS. | § | |
| | § | |
| DEBORAH DAVENPORT, et al., | § | |
| | § | |
| Defendants. | § | |

MEMORANDUM OPINION
AND ORDER

The instant motion to remand this removed case presents the question whether the

removing defendants have demonstrated that plaintiffs' state-law claims "relate to" an

arbitration agreement falling under the Convention on the Recognition and Enforcement of

Foreign Arbitral Awards of June 10, 1958 ("Convention"), as required by 9 U.S.C. § 205.

Concluding that the removing defendants have made a nonfrivolous contention that

plaintiffs' claims relate to an arbitration clause falling under the Convention, the court denies

the motion.

I

Plaintiffs Valtech Solutions, Inc. ("Valtech Solutions") and Valtech India Software

Services Private Limited ("Valtech India") sue defendants Deborah Davenport

("Davenport"), Siddharth Shrivastava ("Shrivastava"), Jagadeesh Chandra ("Chandra"),

Vinod Rajarathnam ("Rajarathnam"), Rajesh Nagaral ("Nagaral"), and UST Global Inc.

("UST Global"), alleging claims under Texas law for tortious interference with existing

contracts and civil conspiracy.[1]  Plaintiffs' claims are based on allegations that Davenport,

Shrivastava, Chandra, Rajarathnam, and Nagaral, in conspiracy with UST Global, willfully

and intentionally interfered with plaintiffs' contracts with their clients.

Plaintiffs originally filed this case in state court, but after they amended their state-

court petition, defendants Shrivastava, Chandra, Rajarathnam, and Nagaral (collectively, the

"Removing Defendants"), with the consent of Davenport and UST Global, removed the case

to this court.  In support of removal, the Removing Defendants contend that, as employees

of Valtech India, they executed confidentiality agreements with Valtech India

("Confidentiality Agreements") that set forth the terms and conditions of their employment

and prohibited them from competing with Valtech India or soliciting Valtech India

employees and clients to leave Valtech India.  The Removing Defendants contend that the

conduct of which plaintiffs have accused them would violate the non-competition and non-

solicitation provisions of their Confidentiality Agreements.

Each Confidentiality Agreement states:

> [t]his Agreement shall be governed by and construed in
> accordance with the laws of India.  Disputes arising pursuant to
> the provisions of this agreement shall first be settled amicably
> between the parties.  Should such a settlement not be possible,
> . . . then same shall be referred to arbitration to be conducted in
> accordance with the Arbitration and Conciliation Act, 1996.
> Such arbitration shall be conducted in Bangalore and be subject
> to the jurisdiction of the Courts in Bangalore.

---

[1]Plaintiffs also allege claims for breach of fiduciary duty and breach of employment agreement against Davenport alone.

Not. of Removal ¶ 2 (bold font omitted) (quoting Not. of Removal Exs. A - D at ¶ 13).  The

Removing Defendants maintain that, because the subject matter of the claims brought against

them plainly arises pursuant to the provisions of the Confidentiality Agreements, the dispute

is subject to mandatory arbitration in Bangalore, India, and removal is proper under 9 U.S.C.

§ 205.[2]

Plaintiffs move to remand this case.  The Removing Defendants oppose the motion.

II

A

To support removal, the Removing Defendants rely solely on 9 U.S.C. § 205, which

provides, in pertinent part:

> Where the subject matter of an action or proceeding pending in
> a State court relates to an arbitration agreement or award falling
> under the Convention, the defendant or the defendants may, at
> any time before the trial thereof, remove such action or
> proceeding to the district court of the United States for the
> district and division embracing the place where the action or
> proceeding is pending.

*Id.*  For a case to be removable under § 205, the removing defendant must show that (1) the

arbitration agreement falls under the Convention, and (2) the dispute relates to the arbitration

agreement.  *QPro Inc. v. RTD Quality Servs. USA, Inc.*, 718 F.Supp.2d 817, 820 (S.D. Tex.

---

[2]Defendants have filed a motion to compel arbitration that is not yet ripe for decision
because the court has permitted plaintiffs to obtain discovery before their response is due.

2010).    Plaintiffs do not dispute that the Confidentiality Agreements fall under[3] the

Convention.    Instead, they contend that the dispute does not "relate to" the arbitration

provision in each Confidentiality Agreement.

The Fifth Circuit has given a broad reading to the "relates to" requirement.[4]

"[W]henever an arbitration agreement falling under the Convention could *conceivably* affect

the outcome of the plaintiff's case, the agreement 'relates to' the plaintiff's suit." *Beiser v.*

*Weyler*, 284 F.3d 665, 669 (5th Cir. 2002).   "As long as the defendant's assertion is not

completely absurd or impossible, it is at least conceivable that the arbitration clause will

impact the disposition of the case.  That is all that is required to meet the low bar of 'relates

to.'" *Id*.

The procedure for removal is guided by ordinary removal law, "except that the ground

for removal provided in this section need not appear on the face of the complaint but may be

shown in the petition for removal."   9 U.S.C. § 205.[5]   The statute thus abrogates the

_____

[3]An agreement "falls under" the Convention when "(1) there is an agreement in writing to arbitrate the dispute, (2) the agreement provides for arbitration in the territory of a Convention signatory, (3) the agreement arises out of a commercial legal relationship, and (4) a party to the agreement is not an American citizen."   *Lim v. Offshore Specialty Fabricators, Inc.*, 404 F.3d 898, 903 (5th Cir. 2005) (emphasis omitted) (quoting *Francisco v. STOLT ACHIEVEMENT MT*, 293 F.3d 270, 273 (5th Cir. 2002)).

[4]In fact, the Fifth Circuit has described § 205 as "one of the broadest removal provisions . . . in the statute books."  *Acosta v. Master Maint. & Constr. Inc.*, 452 F.3d 373, 376 (5th Cir. 2006).

[5]A petition for removal is now called a notice of removal, and the procedures applicable to a notice of removal are somewhat different from those that applied to a petition for removal.  Because the statute and pertinent caselaw still refer to a petition for removal, the court will do so as well.

well-pleaded complaint rule and "permits removal on the basis of a federal defense,"

allowing courts to "determine whether a defendant's defense arises under federal law from

the 'petition for removal' alone." *Beiser*, 284 F.3d at 671. "In following this procedure, it

is generally sufficient if the defendant makes a nonfrivolous contention that an arbitration

clause falling under the Convention provides a defense to the plaintiff's claims." *QPro Inc.*,

718 F.Supp.2d at 821. "This procedure keeps the jurisdictional and merits inquiries separate

and leaves until later the question whether the plaintiff can be forced into arbitration." *Id.*

"As a result, absent the rare frivolous petition for removal, as long as the defendant claims

in its petition that an arbitration clause provides a defense, the district court will have

jurisdiction to decide the merits of that claim." *Beiser*, 284 F.3d at 671-72; *see also Certain*

*Underwriters at Lloyd's, London & Other Insurers Subscribing to Reinsurance Agreements*

*F96/2922/00 & No. F97/2992/00 v. Warrantech Corp.*, 461 F.3d 568, 575-76 (5th Cir. 2006)

("We do not depart from *Beiser*'s insistence on easy removal of causes whenever a defendant

can assert a nonfrivolous connection to an arbitration award under the . . . Convention.").

B

In their notice of removal, the Removing Defendants allege that

> [t]hroughout Plaintiffs' Amended Petition, [Valtech India]
> accuses Defendants of soliciting [Valtech India]'s employees
> and clients, conduct that would violate the noncompetition and
> non-solicitation provisions of their Confidentiality Agreements
> and Appointment Letters. . . . Because the subject matter of the
> claims brought against Defendants in the State Court Case
> plainly "arises pursuant to the provisions of" Defendants'
> Confidentiality Agreements, the dispute is subject to mandatory
> arbitration in Bangalore, India pursuant to the arbitration

agreement set forth therein.

Not. of Removal ¶¶ 2-3.  This is a nonfrivolous petition for removal in which the Removing

Defendants assert that an arbitration clause falling under the Convention provides a defense[6]

to the claims of at least one of the plaintiffs.[7]  *See Beiser*, 284 F.3d at 671-72.  The Removing

Defendants' assertion is neither completely absurd nor impossible.  *Id.* at 669.  Accordingly,

this court has subject matter jurisdiction pursuant to 9 U.S.C. § 205.

In their motion to remand, plaintiffs argue that Valtech India does not assert claims

against the Removing Defendants for disputes arising pursuant to the provisions of the

Confidentiality Agreements, but asserts, instead, claims arising from tort obligations imposed

by Texas law.  They contend that the Removing Defendants "have not shown how the

arbitration provision could conceivably affect the outcome of Valtech India's tortious

interference or unlawful conspiracy claims asserted against them."  P. Br. 7.  Plaintiffs'

argument, however, requires the court to consider the merits of the Removing Defendants'

arbitration defense, and this court cannot consider the merits when it conducts a jurisdictional

---

[6]As did the panel in *Beiser*, the court uses the term "defense" to refer to the Removing Defendants' allegation in the petition for removal that plaintiffs' claims are subject to mandatory arbitration pursuant to the terms of the Confidentiality Agreements.  *See Beiser*, 284 F.3d at 671-72.

[7]Plaintiffs contend that Valtech Solutions, Davenport, and UST Global are not signatories to the Confidentiality Agreements, and, accordingly, the claims involving these non-signatories cannot "relate to" the arbitration provision.  Plaintiffs' arguments may be relevant in the context of defendants' motion to compel arbitration, but they do not deprive the court of subject matter jurisdiction and preclude removal.  This is so because the court in its discretion can exercise supplemental jurisdiction over any such claims and parties.

inquiry:

> When a plaintiff brings a civil rights suit under 42 U.S.C. §
> 1983, or a discrimination action under Title VII, or a habeas
> petition under 28 U.S.C. § 2255, the district court has
> jurisdiction to decide the case, even if the claims ultimately
> prove unavailing. Whether the district court has jurisdiction can
> be determined from the "face of the plaintiff's well-pleaded
> complaint"—from the pleading itself, without the requirement
> of evidence or a merits inquiry. Beiser's view would require the
> unusual step of going beyond the pleadings to determine
> whether the district court had federal question jurisdiction. It
> would combine the jurisdictional and merits inquiry into a single
> stage.
>
> The language of § 205 strongly suggests that Congress intended
> that district courts continue to be able to assess their jurisdiction
> from the pleadings alone. . . . But at the same time the statute
> permits a defense based on an arbitration clause to serve as a
> ground[] for removal, it also directs us to treat such defenses the
> same way that we treat offensive claims. That is, just as we
> determine whether a plaintiff's claim arises under federal law
> from the complaint alone, the statute directs us to determine
> whether a defendant's defense arises under federal law from the
> "petition for removal" alone. . . . As a result, absent the rare
> frivolous petition for removal, as long as the defendant claims
> in its petition that an arbitration clause provides a defense, the
> district court will have jurisdiction to decide the merits of that
> claim. This approach honors the statute's command that we
> treat defenses based on arbitration clauses under the Convention
> in the same way that we treat removal generally. It allows the
> district court to determine its jurisdiction from the petition for
> removal, without taking evidence and without a merits-like
> inquiry.

*Beiser*, 284 F.3d at 671-72 (citation and footnotes omitted). Accordingly, the court is not

now deciding whether the Confidentiality Agreements in fact require that some or all of

plaintiffs' claims be arbitrated, and it suggests no view on how it will rule on the merits of

the Removing Defendants' pending motion to compel.  The court holds today only that the

Removing Defendants have asserted a nonfrivolous contention that an arbitration clause

falling under the Convention provides a defense to the plaintiffs' claims.  It is thus

conceivable that this case is removable under 9 U.S.C. § 205 but that plaintiffs' claims are

not subject to mandatory arbitration.[8]  Accordingly, the court concludes that it can exercise

jurisdiction pursuant to 9 U.S.C. § 205, and it denies plaintiffs' motion to remand.

*   *   *

For the foregoing reasons explained, plaintiffs' motion to remand is denied.

**SO ORDERED**.

July 21, 2016.

_____
SIDNEY A. FITZWATER
UNITED STATES DISTRICT JUDGE

---

[8]A later decision denying the Removing Defendants' motion to compel arbitration would not be inconsistent with the court's holding that this action is removable under 9 U.S.C. § 205.  The court's decision to deny plaintiffs' motion to remand is based on the nonfrivolous contention in the petition for removal that an arbitration clause falling under the Convention provides a defense to plaintiffs' claims.  As explained above, it involves no inquiry into the merits.  In deciding the Removing Defendants' motion to compel arbitration, however, it will be necessary for the court to decide *on the merits* whether plaintiffs' claims are subject to the arbitration provisions in the Confidentiality Agreements.  It is entirely conceivable that, when the court considers the merits of the Removing Defendants' motion to compel arbitration, it will conclude that, notwithstanding the nonfrivolous contentions in the petition for removal, plaintiffs' claims nonetheless are not subject to mandatory arbitration.